## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES ALBERT DURHAM,** | ) | |
| **ID # 2382415,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:23-CV-1242-B (BH)** |
| | ) | |
| **LARRY HUDSON, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be summarily **DIS-MISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the full filing fee.

## I.  BACKGROUND

For at least the second time, James Albert Durham (Plaintiff), an inmate in the Texas Department of Criminal Justice, seeks to sue Walmart and one of its employees based on an incident that occurred at its location in Hurst, Texas. (doc. 3 at 3);[2] *see also Durham v. Walmart, Inc.*, No. 4:21-CV-545-P (N.D. Tex.).  Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis*.  No process has been issued in this case.

## II.  THREE STRIKES

This prisoner action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g).  It provides that inmates may not proceed without the prepayment of fees

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Durham v. Walmart, Inc.*, No. 4:21-CV-545-P (N.D. Tex. Apr. 30, 2021) (listing prior strikes, finding that Plaintiff is three-strikes barred, and denying leave to proceed *in forma pauperis*); *see also Durham v. Walmart, Inc.*, 772 F. App'x 192 (5th Cir. 2019); *Durham v. JC Penny*, No. 4:18-CV-642-A (N.D. Tex. Feb. 28, 2019) (dismissing case under § 1915A(b) for failure to state a claim); *Durham v. Anderson*, No. 4:16-CV-1027-A, 2016 WL 10706399 (N.D. Tex. Nov. 7, 2016) (dismissing case under § 1915A(b) for failure to state a claim), *appeal dismissed* by 699 F. App'x 389 (5th Cir. 2017). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Plaintiff has made no allegations at all suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full filing fee[3] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

**SO RECOMMENDED this 2nd day of June, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3